IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| MATTHEW KOCHER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUILDERS MUTUAL INSURANCE COMPANY, and BUILDERS MUTUAL INSURANCE COMPANY, INC.,<br><br>Defendants. | Case No. 5:23-cv-00579-M-KS |
| MARK ROGOLINO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUILDERS MUTUAL INSURANCE COMPANY, and BUILDERS MUTUAL INSURANCE COMPANY, INC.,<br><br>Defendants. | Case No. 5:23-cv-00597-M-KS |
| JAMES JACKSON, individually, and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUILDERS MUTUAL INSURANCE COMPANY, and BUILDERS MUTUAL INSURANCE COMPANY, INC.,<br><br>Defendants. | Case No. 5:23-cv-00622-M-KS |

ORDER

This matter comes before the court on Matthew Kocher, Mark Rogolino, and James Jackson's ("Plaintiffs") Motion to Consolidate Cases and Appoint Interim Leadership Counsel [DE 14]. Defendants do not oppose the motion to consolidate and take no position on the motion to appoint class counsel. The court finds that the three pending actions involve common questions of law and fact; thus, Plaintiffs' motion is GRANTED IN PART (as to consolidation of the above-captioned actions), DENIED IN PART (as to consolidation of "any" future-filed cases), and DENIED WITHOUT PREJUDICE IN PART (as to the request to appoint interim class counsel).

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the court consolidates (1) *Matthew Kocher v. Builders Mutual Insurance Company, et al.,* Case No. 5:23-cv-00579-M-KS, (2) *Mark Rogolino v. Builders Mutual Insurance Company, et al.*, 5:23-cv-00597-M-KS; and (3) *Jackson v. Builders Mutual Insurance Company, et al.,* Case No. 5:23-cv-00622-M-KS (collectively, the "Related Actions"), under the lowest numbered action, Case No. No. 5:23-cv-00579-M-KS, and with the new title "*In re Builders Mutual Data Security Incident Litigation.*"

No further filings shall be made in cases 5:23-cv-00597 and 5:23-cv-00622, which shall be administratively closed. All pleadings filed in these cases maintain their legal relevance until the filing of the Consolidated Complaint. The Consolidated Complaint shall be filed within thirty (30) days of the date of this order, as set forth below.

All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

For any case that a party believes should be consolidated into this action, such party shall file an appropriate motion in accordance with all applicable federal and local rules, as well as this court's practice preferences.

Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within

thirty (30) days of the date of this Order. Defendant shall have thirty (30) days from the date on which Plaintiffs file the Consolidated Complaint to file a response thereto. In the event that Defendant's response is a motion to dismiss, Plaintiffs shall have thirty (30) days in which to file their response brief, and Defendant shall have twenty-one (21) days in which to file a reply in support of the motion.

The Clerk of the Court shall enter an order for discovery plan upon the filing of Defendant's response to the Consolidated Complaint.

With respect to the request to appoint interim co-lead class counsel, the Plaintiffs contend that "Proposed Interim Co-Lead Counsel Have Performed Substantial Work Investigating and Bringing this Action" and "Proposed Interim Co-Lead Counsel have conducted all the work necessary to investigate Plaintiffs' claims and prosecute this litigation and continue to devote substantial effort to advancing the claims of Plaintiffs and the proposed Class." Memo. at 6-7, DE 15. These statements appear to be inconsistent with the record. Nine days after the action was filed, only one of the three proposed class counsel entered a special appearance in one of the three Related Actions pursuant to Local Civil Rule 83.1. *See* DE 9. To date, it appears that Plaintiffs have been represented primarily by attorneys of the Rhine Law Firm, PC, in Wilmington, North Carolina. *See* Related Actions. In the present motion, Plaintiffs mention nothing about compliance with Local Civil Rule 83.1 and whether the other proposed interim counsel intend to appear pursuant to the rule.[1] Therefore, the request to appoint Raina Borrelli, Daniel Srourian, and Tyler Bean as Interim Co-Lead Class Counsel in this case is denied without prejudice.

SO ORDERED this 12th day of December, 2023.

RICHARD E. MYERS II
Chief United States District Judge

---

[1] These attorneys sign the present motion "*pro hac vice* forthcoming"; however, appearing *pro hac vice*, to the extent it is inconsistent with Local Civil Rule 83.1, is not a practice recognized in this district.

3